UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

NOLL D. HERRY,

Defendant.

CASE NO. 3:18-CR-05010-CVB

ORDER DENYING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on Defendant Noll D. Herry's Motion and Request for Witness Interviews ("Motion"). Dkt. 15. On March 29, 2018, the Government filed a Response (Dkt. 18), and on April 2, 2018, Defendant filed a Reply (Dkt. 20).

On January 17, 2018, the Government charged Defendant with an Information for driving under the influence and operating a vehicle above the maximum speed limit. *See* Dkt. 5. Defendant pleaded not guilty to the charges at his Arraignment. Dkt. 8. Defendant's trial is currently set for June 18, 2018. Dkt. 21.

Defendant now moves the Court for an Order compelling the Government to make one of its trial witnesses – Officer Edward Medina – available to Defendant for a pre-trial interview.

Dkt. 15. In the alternative, Defendant requests an Order compelling a deposition, interrogatories, or a recess during trial "for a period of time sufficient to prepare for the remainder of cross examination" of Officer Medina. *Id.* at 2, 3. The Government, on the other hand, argues the Court should not grant such an Order, as the Government has not interfered with Defendant's right to interview Officer Medina. Dkt. 18, pp. 2-4.

Both sides in a criminal action "have the right to interview witnesses before trial." *United States v. Black*, 767 F.2d 1334, 1337 (9th Cir. 1985) (citing *United States v. Cook*, 608, F.2d 1175, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S. 1034 (1980)). As such, "[a]bsent a fairly compelling justification, the government may not interfere with defense access to witnesses." *Id.* (citations omitted). But the defendant's right to access a witness "exists co-equally" with the witness's right to refuse an interview prior to trial. *Id.* at 1338 (citing *United States v. Rice*, 550 F.2d 1364, 137 (5th Cir. 1977), *cert denied*, 434 U.S. 954 (1977)). Therefore, the defendant's right to access a witness is not violated when a witness voluntarily declines an interview. *Id.* (citing *United States v. Pinto*, 755 F.2d 150, 152 (10th Cir. 1985); *United States v. Bittner*, 728 F.2d 1038, 1041 (8th Cir. 1984)); *see also see also Byrnes v. United States*, 327 F.2d 825, 832–33 (9th Cir. 1964) ("It is true . . . that any witness has the right to refuse to be interviewed, if he so desires.").

In this case, Defendant's attorney told the Government on February 13, 2018 that he wanted to interview Officer Medina prior to trial. *See* Dkt. 16-1, p. 1. The Government wrote in its Response that it "attempted to facilitate" Defendant's interview request over the next four weeks. Dkt. 18, p. 3. However, the Government further wrote in its Response that on March 14, 2018, Officer Medina told the Government "he did not wish to be interviewed by defense

counsel." *Id.* On March 15, 2018, the Government informed Defendant's attorney that Officer Medina declined the pre-trial interview request. Dkt. 16-1, p. 2.

As the record indicates the Government has not interfered with Defendant's right to interview Officer Medina, and Officer Medina exercised his right to voluntarily decline a pre-trial interview, Defendant's Motion (Dkt. 15) is denied.

Dated this 11th day of April, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge